No. 25-1849

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**233RD STREET PARTNERSHIP, L.P.,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee.*

Appeal from the United States Court of Federal Claims
No. 1:23-cv-01358
(Senior Judge Loren A. Smith)

# REPLY BRIEF FOR PLAINTIFF-APPELLANT

MICHAEL J. SMITH
STEVEN M. WALD
STEWART, WALD & SMITH, LLC
3636 S. Geyer Rd., Suite 200
St. Louis, MO 63127
Telephone: (314) 720-0220
smith@swslegal.com
wald@swslegal.com
**ATTORNEYS FOR PLAINTIFF/APPELLANT**

## TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................i

TABLE OF AUTHORITIES .......................................................................... ii

I. INTRODUCTION ....................................................................................1

II. ARGUMENT..........................................................................................4

A. The United States Does Not Distinguish *Silver Beach Realty Corp. v. Geenlan*…………………………………………………..…..….4

B. Plaintiff's Argument is Not Premised Upon an Initial Finding of Ambiguity………………………………………………………..........7

i. Transfers of Private Property for Public Purposes Should be Construed Strongly and Strictly in Favor of Landowners…………….8

ii. Separate Instruments Between the Same Parties at The Same Time Concerning the Same Subject Matter Should be Construed Together…………………………………………………………9

III. CONCLUSION.................................................................................... 13

**TABLE OF AUTHORITIES**

*Bradley v. Crane*, 94 N.E. 359 (N.Y. 1911)……………………………………8,9

*Castillo v. United States*, 952 F.3d 1311 (Fed. Cir. 2020)…………………………..4

*Esso Standard Oil Co v. Texas & New Orleans Ry.*, 127 So. 2d 551(La. Ct. App. 1961)……………………..……………………………………………………………5

*Highland Realty Co. v. San Rafael*, 46 Cal 2.d 669, 298 P.2d 15 (1956)………..….5

*Litton Indus. Prods., Inc. v. Solid State Sys. Corp.*, 755 F.2d 158 (Fed. Cir. 1985)..4

*Loch Sheldrake Assocs. v. Evans*, 118 N.E.2d 444 (N.Y. 1954)…………….….….…10

*Margetin v. Jewett*, 912 N.Y.S.2d 356 (N.Y. App. Div. 2010)……………………10

*MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344 (Fed. Cir. 2005)…………4

*Nau v. Vulcan Rail & Constr. Co.,* 36 N.E.2d 106 (N.Y. 1941)……………………9

*Perry v. Edwards*, 913 N.Y.S.2d 460 (N.Y. App. Div. 2010)…………………..…10

*Port Distrib. Corp. v. Pflaumer*, 880 F. Supp. 204 (S.D.N.Y. 1995), *aff'd*, 70 F.3d 8 (2d Cir. 1995)…………………………………………………………………...11

*Schwartz v. Castleton Christian Church, Inc.*, 594 N.E.2d 473 (Ind. Ct. App. 1992).5

*Silver Beach Realty Corp. v. Geenlan*, 204 N.Y.S. 701 (N.Y. Sup. Ct. 1924), *aff'd sub nom.* 210 A.D. 829 (N.Y. App. Div. 1924)………………………………passim

*Stephenson v. Naumann*, 195 N.Y.S. 768 (N.Y. Sup. Ct.), *aff'd*, 204 A.D. 891, 197 N.Y.S. 951 (N.Y. App. Div. 1922)……………………………………….……..…11

*Stonebridge Cap., LLC v. Nomura Int'l PLC*, 24 Misc. 3d 1218(A), 897 N.Y.S.2d 672 (N.Y. Sup. Ct.), *aff'd*, 68 A.D.3d 546, 891 N.Y.S.2d 56 (N.Y. App. Div. 2009)…………………………………………………………………………11

*TVT Records v. Island Def Jam Music Group*, 412 F.3d 82 (2d Cir. 2005)…….6,12

*West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 61 S. Ct. 179, 85 L. Ed. 139 (1940)…..4

*Williams v. Mobil Oil Corp.*, 83 A.D.2d 434, 445 N.Y.S.2d 172 (N.Y. App. Div. 1981)………………………………………………………………………..6

*Wilson v. Ford*, 102 N.E. 614 (N.Y. 1913)…………………………………………9

**Statutes and Court Rules**

*28 N.Y. Prac., Contract Law* § 8:27…………………………………………….10

3A N.Y. Jur. 2d Deeds § 227…………………………………………………..…9

# I. INTRODUCTION

This case is centered on two documents conveying Plaintiff's property to the New York and Boston Railroad Company to construct its railroad. The first document was a condemnation decree of Plaintiff's land ("condemnation decree") and the second was a deed concerning precisely the same land ("Bogardus deed"). Both documents were issued just thirty-two days apart, concerned the same parties and subject matter, and contained the identical property description. Moreover, both documents recited the same consideration, but consideration was paid only with respect to the condemnation decree.

In its opening brief, Plaintiff directed this Court to *Silver Beach Realty Corp v. Geenlan*, 204 N.Y.S. 701 (N.Y. Sup. Ct. 1924), *aff'd* 210 A.D. 829 (N.Y. App. Div. 1924), a New York case which provides this Court with a roadmap of how to interpret these two documents under New York law. *Silver Beach*, when faced with a nearly identical situation, held that the subsequent deed should be interpreted as the landowner's acquiescence of the taking effectuated under the condemnation decree. *Id.* at 703-04.

The Defendant's response mischaracterizes Plaintiff's argument as an attempt to rob the Bogardus deed of any meaning. This is not accurate. Plaintiff's argument places the Bogardus deed in the proper context to accurately determine Mr. and Mrs. Bogardus' and the New York and Boston Railroad's intent in making the deed. As

*Silver Beach* shows, the deed is not rendered meaningless but read in conjunction with the condemnation decree to determine what the parties intended. *See id.* at 704 (using the recitals and acceptance of the priorly executed condemnation decree to determine that the landowner intended to convey an easement in the subsequent deed, not a fee simple).

The Defendant offers very little in response to this case. First, it states that the case should not control the outcome since it is not rendered by the highest court in New York. That does not matter. This Court must follow New York law and *Silver Beach* absent a compelling reason not to. The case was a trial court decision affirmed by an intermediate New York appellate court and this Court must defer to it. There is no indication that New York's highest court would rule any differently, which is the only way this Court would be permitted to deviate from the decision. In fact, *Silver Beach* relied extensively on a New York Court of Appeals decision, which is the highest court in New York. Secondly, the United States attempts to distinguish *Silver Beach* on the basis that there, the subsequent fee deed made reference to the prior condemnation proceeding, and here, the Bogardus deed did not. The Defendant points this out ostensibly to muddle the otherwise clear relatedness between the two documents. Under the close contexts, the various textual identicalities, and the myriad other evidence, it is indisputable that the two documents were related to one another.

Plaintiff echoed this point by identifying New York's rules for deed construction that require courts to consider whether multiple writings form part of the same agreement. Where the court determines that separate writings were designed to effectuate the same transaction, it must read them together. The Defendant offered no response to this point. Here, the instruments track with one another in a variety of compelling ways: in the amount of consideration, the timing of the transaction, the subject matter of the transaction, and the parties to the transaction. Because the condemnation decree and the Bogardus deed were designed to effectuate the same transaction – to convey Bogardus's land to New York and Boston Railroad Company so it could build its railroad – the Court must construe the documents together.

The Defendant's interpretation of the Bogardus deed is far too strict. In these situations, New York law instructs courts to consider the context of the transaction to interpret the parties' intent. Here, the context evidences that the landowner merely acknowledged and acquiesced to a taking that had already occurred. As a result, the New York and Boston Railroad only acquired an easement for railroad purposes under New York law.

## II. ARGUMENT

### A. The United States Does Not Distinguish *Silver Beach Realty Corp. v. Geenlan*

The Defendant's primary argument for why this Court should not follow *Silver Beach* is because it is not a decision from New York's highest court – the New York Court of Appeals. Def.'s Br. at 18. Such an argument suggests that this Court is free to deviate from any state court decisions that do not come from a state's supreme court. This is not accurate.

In rails-to-trails cases, state law governs the scope of Plaintiff's property rights. *Castillo v. United States*, 952 F.3d 1311, 1319 (Fed. Cir. 2020) ("We analyze the property rights of the parties in a rails-to-trails case under the relevant state's law[.]"). Consistent with this requirement, "when a state court has decided a matter of state law, as in the present case, federal courts should pay careful attention to the state court decision." *MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1359 (Fed. Cir. 2005). In those instances where there is no decision by the state supreme court, "proper regard should be given relevant rulings of other courts of that state." *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.*, 755 F.2d 158, 165 (Fed. Cir. 1985). "Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that *is a datum* for ascertaining state law which is *not to be disregarded by a federal court* unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v.*

*Am. Tel. & Tel. Co.*, 311 U.S. 223, 237, 61 S. Ct. 179, 183, 85 L. Ed. 139 (1940) (emphasis added).

The *Silver Beach* trial court decision was subsequently affirmed with no opinion by the Appellate Division of the New York Supreme Court. *Silver Beach Realty Corp. v. Geelan,* 210 A.D. 851, 852, 206 N.Y.S. 961 (N.Y. App. Div. 1924). In addition, there are no New York Court of Appeals or Appellate Division of the New York Supreme Court decisions that are critical of *Silver Beach*. *Silver Beach* should therefore be a clear indication of how a New York court would rule if provided with these same facts – that a deed that follows after a condemnation proceeding for the same tract of land should be interpreted as an acquiescence of the taking of the easement.[1]

The Defendant tries to distinguish *Silver Beach* on two grounds: first, that in *Silver Beach*, the second instrument explicitly referred to the priorly executed

[1] New York is not an outlier for the proposition that a deed that follows from the condemnation proceeding is not an actual transfer of the fee, as other states hold the same. See, e.g., *Highland Realty Co. v. San Rafael*, 46 Cal 2.d 669, 298 P.2d 15 (1956) (holding a deed conveyed during condemnation proceedings to be an easement only where it was intended to convey only that which the railroad sought to condemn); *Esso Standard Oil Co v. Texas & New Orleans Ry*., 127 So. 2d 551, 557 (La. Ct. App. 1961) (relying on the same consideration recited in both the condemnation proceedings and deed to construe the deed as an easement only); *Schwartz v. Castleton Christian Church, Inc.*, 594 N.E.2d 473, 475 (Ind. Ct. App. 1992) ("A conveyance in lieu of actual condemnation of real property constitutes a condemnation proceeding because it is tantamount to a taking under a power of eminent domain.")

condemnation decree, and second, that in *Silver Beach*, the language of the second instrument did not purport to transfer the fee simple. Def.'s Br. at 19. In doing so, the Defendant seemingly creates its own rule as to what determines whether separate documents are related. New York has rules in place for this determination, and they do not require textual reference to the other documents, nor do they require that the documents purport to convey the same interest. *Williams v. Mobil Oil Corp.*, 83 A.D.2d 434, 439, 445 N.Y.S.2d 172, 175 (N.Y. App. Div. 1981) ("The rule is applied even though in one of the contracts it is stated that there are not other contracts … or such contract does not refer in terms to the other.").

The rules simply require that the documents were part of the same transaction. *TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 89-90 (2d Cir. 2005) ("[T]he legally operative question is whether the contracts were part of a single transaction."). These documents were. Under Defendant's logic, it is purely coincidental that Mr. Bogardus had his land taken from him, and then a short time later, transferred precisely the same tract of land to precisely the same corporation, for precisely the same purpose and precisely the same price – which that corporation did not pay the second time. All indications – from the evidence on the I.C.C Valuation Schedules to the fact that the railroad had everything it needed just from its easement – are that the two documents are linked together. There is no evidence suggesting that the second transfer was anything more than a receipt for a taking that

had already occurred.

The Defendant also puts forth that in *Silver Beach*, "the later-in-time instrument explicitly referred to the earlier transaction and plain language of the instrument *did not purport to transfer the property in fee simple*." Def.'s Br. at 19 (emphasis added). Here, the Defendant attempts to distinguish the subsequent document in *Silver Beach* from the Bogardus deed by stating that, in *Silver Beach*, the subsequent document did not purport to transfer the fee simple in the land previously taken as an easement by condemnation. The fault in this sentiment is evident from the litigation itself, as the entire case revolved around the issue of whether the disputed property was held in fee simple, and the only basis for ownership of the fee simple was the second transaction. *Silver Beach*, 204 N.Y.S. at 702-703. The dispute over the intent in the creating of the second document would have been moot if it did not otherwise convey the fee simple. In any event, that it did purport to do so was evident by the language of the second transaction which stated that the grantor "does hereby *convey* to the town of Westchester *the ground* so taken and occupied as aforesaid." *Id.* at 703 (emphasis added).

**B. Plaintiff's Argument is Not Premised Upon an Initial Finding of Ambiguity**

The Defendant directs this Court to the unremarkable rule that if a deed is unambiguous then the Court need not look at any evidence outside the plain text of the document. Def.'s Br. at 13. The Defendant uses this rule as a "catch all" for

Plaintiff's various arguments. However, New York jurisprudence provides other rules of construction which are not mutually exclusive with this one but simply identify additional means by which courts must interpret the documents in front of them. Accordingly, Plaintiff puts forth two New York rules of construction which are specifically tailored to the facts here and have aided courts in similar situations. First, transfers of private property for public purposes should be construed strongly and strictly in favor of landowners. Second, separate instruments concerning the same parties which are close in time and concern the same subject matter should be construed together. Neither of these rules are predicated on a finding that the text is ambiguous.

*i. Transfers of Private Property for Public Purposes Should be Construed Strongly and Strictly in Favor of Landowners.*

While fixating on barring extrinsic evidence, the Defendant ignores the equally important rule set forth in *Bradley v. Crane*, 94 N.E. 359 (N.Y. 1911), that requires transfers of property for public use made in lieu of condemnation proceedings to be construed "strongly and strictly in favor of landowners." *Id*. at 363. *Silver Beach* referred to *Bradley* as providing a "settled rule[ ] of construction," so it considered the later transaction in light of the earlier taking and it did so without any preliminary finding concerning whether the second transaction was ambiguous. *Silver Beach*, 204 N.Y.S. at 703. The Defendant argues that the rule against extrinsic evidence should override New York's treatment of land taken for public

purposes by quasi-private corporations, like railroads. The Defendant cites no New York law in support of this concept, notwithstanding that the rule concerning ambiguity and extrinsic evidence is a common rule of construction in place at the time of the *Silver Beach* decision. See *Wilson v. Ford*, 102 N.E. 614, 617 (N.Y. 1913) (explaining in 1913 that a deed "must be construed as to give effect to the intent of the parties manifested by the language used, subject to the further rule that, when the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and the subject-matter of the instrument.").

If New York law is as the Defendant says, then *Silver Beach* was wrong to consider the prior transaction. But, of course, *Silver Beach* was not wrong. *Silver Beach* cited good law from New York's highest court (*Bradley*) and the decision was upheld by a New York intermediate appellate court.

*ii. Separate Instruments Between the Same Parties at The Same Time Concerning the Same Subject Matter Should be Construed Together.*

The Defendant offers no response to the New York rule of construction that "separate deeds or other writings executed between the same parties at the same time and relating to the same subject matter and so constituting parts of one transaction, should be read and construed together as forming parts of one assurance or agreement." *3A N.Y. Jur. 2d Deeds* § 227; see also *Nau v. Vulcan Rail & Constr.*

*Co.*, 36 N.E. 2d 106, 110 (N.Y. 1941) (explaining that separate writings between same parties at substantially same time and involving same subject matter should be read as one). This is a rule of construction that is entitled to as much consideration and deference as any other rule of construction. There is no need for the Court to make any preliminary finding of ambiguity before applying the rule. That is because this case involves two documents purporting to effectuate the same purpose. Accordingly, this Court must look to both documents to determine what purpose the parties intended each document to serve. See *28 N.Y. Prac., Contract Law* § 8:27. The "contract" may be more than one document. *Id.* ("Whether multiple writings should be read as one agreement depends upon the intent of the parties. In determining whether agreements are separable or entire, the key factor is the parties' manifested intent viewed in light of the surrounding circumstances.").

The Defendant cites a myriad of cases supporting the argument that the court does not look outside the language of the deed unless the deed is "susceptible to more than one interpretation," none of which had before them multiple contracts that related to the same subject matter. *See* Def.'s Br. at 13 (citing *Margetin v. Jewett*, 912 N.Y.S.2d 356 (N.Y. App. Div. 2010) (rejecting evidence of a later survey when deeds were unambiguous); *Loch Sheldrake Assocs. v. Evans*, 118 N.E.2d 444 (N.Y. 1954) (case did not involve multiple transactions); *Perry v. Edwards*, 913 N.Y.S.2d 460 (N.Y. App. Div. 2010) (court rejected extrinsic evidence proffered by plaintiffs

where disputed property lines could be determined according to calls in deeds)). This is a valid rule of construction courts use in a generic deed interpretation case. However, it does not control the outcome in this case.

This is not a question of whether there is ambiguity so extrinsic evidence can be admitted. Rather, these are separate, related contracts, so they must be construed in light of one another pursuant to New York law. See *Stephenson v. Naumann*, 195 N.Y.S. 768, 769 (N.Y. Sup. Ct.), *aff'd*, 204 A.D. 891, 197 N.Y.S. 951 (N.Y. App. Div. 1922) ("The deed and the mortgage bear the same date, were acknowledged the same day and before the same notary, and affect the same property. From these circumstances a presumption arises that they were parts of one transaction."). The Defendant seeks to substitute one rule of construction for another. In doing so, the Defendant implies there is some conflict between these rules of construction. There is not. See *Port Distrib. Corp. v. Pflaumer*, 880 F. Supp. 204 (S.D.N.Y. 1995), *aff'd*, 70 F.3d 8 (2d Cir. 1995) ("The parole evidence rule does not bar proof of contemporaneous written agreements."); see also *Stonebridge Cap., LLC v. Nomura Int'l PLC*, 24 Misc. 3d 1218(A), 897 N.Y.S.2d 672 (N.Y. Sup. Ct.), *aff'd*, 68 A.D.3d 546, 891 N.Y.S.2d 56 (N.Y. App. Div. 2009) (explaining that the rule concerning several instruments constituting the same transaction is not in contravention of the parole evidence rule). Where both documents were part of the same transaction, both

documents are properly before this Court to determine what estate that transaction conveyed.

The Defendant repeatedly casts Plaintiff's argument as speculation. As explained by Plaintiff in its opening brief, there was no finding of ambiguity in *Silver Beach* prior to its consideration of the former transaction. And the New York appellate court did not say that *Silver Beach* was speculating. If it was acceptable for *Silver Beach* to do what it did, then it is acceptable for this Court to do as Plaintiff asks – to rule that the deed from Mr. and Mrs. Bogardus evidenced nothing more than their acquiescence to a prior taking of their land.

The only reason this Court might need to engage in resolving any ambiguity would be if there were some question as to whether the condemnation decree and deed were actually related. See *TVT Records*, 412 F.3d at 89 (explaining that "whether multiple writings should be construed as one agreement depends upon the intent of the parties, an issue which is typically a question of fact for the jury …. [b]ut if the documents in question reflect no ambiguity as to whether they should be read as a single contract, the question is a matter of law for the court."). Here, the various similarities already identified conclusively show the relation.

However, if the Court were unconvinced – if the Court decided it was ambiguous whether Bogardus and the railroad intended the instruments be read together – then the Court could consider the evidence in the record. If the Court

chooses to do so, then it need look no further than the I.C.C. Valuation Schedule's reporting of both transactions in the same line item and listing of the $750 consideration as applying to both. Appx355. In addition, the I.C.C. reporting railroad identified both transactions as having the same "PARCEL NO." and "CUSTODIAN'S No.," which solidifies the railroad's understanding that the instruments were to be read together. *Id*.

## III. CONCLUSION

Here, the Court should follow the roadmap laid out by *Silver Beach*. In these instances, New York treats a subsequent transfer of land already taken for public purposes as an acquiescence to the taking. The condemnation and deed are linked together and should be read as one. This is consistent with New York's rules of construction, which must be followed by this Court.

STEWART, WALD & SMITH, LLC

By: /s/ *Michael J. Smith*

Michael J. Smith
Steven M. Wald
3636 S. Geyer Rd., Suite 200
St. Louis, MO 63127
(314) 720-0220
(314) 899-2925 (facsimile)
wald@swslegal.com
smith@swslegal.com
**ATTORNEYS FOR PLAINTIFF/APPELLANT**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2025-1849

**Short Case Caption:** 233rd Street Partnership, L.P. v. US

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- [x] the filing has been prepared using a proportionally-spaced typeface and includes 3,196 words.
- [ ] the filing has been prepared using a monospaced typeface and includes ________ lines of text.
- [ ] the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 10/06/2025

Signature: /s/ Michael J. Smith

Name: Michael J. Smith

Save for Filing